*FOR PUBLICATION*

```
IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
           DIVISION OF ST. CROIX
             APPELLATE DIVISION
```

WAYNE JAMES,                      )
                                  )
                                  ) D.C. Civ. App. No. 2005/0090
            Appellant,            ) Re: Sup.Ct.Civ.No. 173/2005
                                  )
         v.                       )
                                  )
VICTORIA HOUSE,                   )
                                  )
            Appellee.             )
                                  )

On Appeal from the Superior Court of the Virgin Islands

Considered: April 11, 2008
Filed: March 5, 2009

BEFORE:   **CURTIS V. GÓMEZ**, Chief Judge, District Court of the Virgin Islands; **RAYMOND L. FINCH**, Judge of the District Court of the Virgin Islands; and **JAMES S. CARROLL, III**, Judge of the Superior Court of the Virgin Islands, sitting by designation.

ATTORNEYS:

**Natalie Nelson, Esq.,**
St. Croix, U.S.V.I.
    Attorney for Appellant,

**Gerald T. Groner, Esq.,**
St. Croix, U.S.V.I.
    Attorney for Appellee.

**Memorandum Opinion**

**PER CURIAM.**

**I.   FACTUAL and PROCEDURAL HISTORY**

This is an appeal from a Judgment of Restitution after a forcible entry and detainer trial in the Superior Court of the Virgin Islands. Victoria House, Inc. ("Victoria House") is the property owner and landlord of a three-story waterfront building located at Plot No. 7 & 8 A & B, Strand Street; Frederiksted, St. Croix, Virgin Islands (the "Property"). Wayne James ("James") is a tenant occupying the third floor of the Property. The landlord's president, Norma Gardine-Glenn ("Gardine-Glenn"), testified that two of the three floors contained in Victoria House are designated for use primarily by residential tenants, and that Victoria House has no other properties in Frederiksted that are rented for residential purposes. (Tr. 14, 26.)

James became a tenant at the Property under a written Lease Agreement, effective September 1, 2003 ("Lease"). James tendered monthly rent to Gardine-Glenn through March 2005, and said rent was accepted each month. (Tr. 11, 28.)

At trial, James testified that it was represented to him by Gardine-Glenn that a new lease would be presented upon expiration of the one-year Lease Agreement. (Tr. 8.) In any event, no new written lease was presented to James, and upon the expiration of

the Lease on August 31, 2004, James became a month-to-month tenant, continuing to pay monthly rent to Gardine-Glenn.

James testified that in January 2005, upon returning to the Property from travel abroad, he noticed that the water was discolored. (Tr. 20.) James testified that this had gone on for months from the beginning of his tenancy. (Tr. 20.)

James testified that he told Gardine-Glenn that the water must have been over-chlorinated, because it was burning his face and eyes upon use, and the water smelled of Clorox. (Tr. 20.) According to James, Gardine-Glenn's response was that he was "always complaining about the water," and that it was either too green or over-chlorinated, and "which one would you prefer?" (Tr. 20-21.) Gardine-Glenn also stated, according to James, that the Clorox would "dissipate" and that it would not "kill him." (Tr. 21.)

James testified that he responded by telling Gardine-Glenn that "he would prefer clear, clean drinking water," and that she should exercise caution with regard to the use of Clorox. (Tr. 20.) In late January 2005, Gardine-Glenn switched the water source to another cistern, and being satisfied that the water situation had been resolved, at least temporarily, James tendered rent for January and February 2005, which was accepted by Gardine-Glenn. (Tr. 21.)

*Wayne James v. Victoria House*
D.C. Civ. App. No. 2005-090
Memorandum Opinion
Page 4

On February 18, 2005, James received from Victoria House a Notice to Quit and to vacate the premises. (Tr. 6.) However, James did not vacate the premises after being given notice. (Tr. 10.) Thereafter, he was served with the Summons and Complaint for a forcible entry and detainer action by Victoria House. At trial, James argued that the failure of Victoria House to renew his tenancy was retaliation for his complaints to Gardine-Glenn about the condition of the water.

Gardine-Glenn testified that the lease was terminated "mainly because of persistent complaints about every little thing," including a written demand by James that Gardine-Glenn purchase pull chains for lamps in one of the rooms. (Tr. 31.) Gardine-Glenn also indicated that James had engaged in rude behavior with respect to his complaints. Specifically, James had telephoned Gardine-Glenn late at night and shouted at her; and he had driven to Gardine-Glenn's home late at night, parked in front of the home and honked his horn until Gardine-Glenn's husband came out. (Tr. 29.)

The trial judge found for Victoria House, finding that based on the facts of the case, there was no retaliatory eviction. (Tr. 37.) By order dated April 19, 2005, the Court memorialized its determination by entering a Judgment of Restitution against James,

*Wayne James v. Victoria House*
D.C. Civ. App. No. 2005-090
Memorandum Opinion
Page 5

and further ordered that the judgment requiring James to vacate the premises be automatically stayed until 5:00 p.m. May 31, 2005, providing that James pay rent. (App. 3-4.)

On May 28, 2005, the Superior Court denied James's Motion for Reconsideration. (App. 5.) On May 31, 2005, the Superior Court also denied James's emergency motion requesting a stay of eviction. On June 9, 2005, James filed an emergency motion in District Court seeking a stay of eviction pending appeal. On June 10, 2005, James's emergency motion was granted, and the Court ordered that James be allowed to remain as a tenant until the conclusion of all judicial proceedings.

## II. JURISDICTION AND STANDARD OF REVIEW

This Court exercises appellate jurisdiction over judgments and orders of the Superior Court in civil cases. *See* Revised Organic Act of 1954 § 23A, 48 U.S.C. § 1613a (2008); V.I. Code Ann. tit. 4, § 33 (2002). We generally review findings of fact for clear error, and review *de novo* the trial court's determinations of law or application of legal precepts. *See Poleon v. Government of the V.I.*, 184 F. Supp. 2d 428 (D.V.I. App. Div. 2002); *Bryan v. Government of the V.I.*, 150 F. Supp. 2d 821, 827 n. 7 (D.V.I. App. Div. 2001).

## III. DISCUSSION

**The Retaliatory Eviction Claim.**

In the absence of controlling precedent or statute, the rules of the common law, as expressed in the restatements of the law provide the rules of decision in courts of the Virgin Islands. V.I. Code Ann. tit. 1, § 4 (2006). The Restatement provision governing retaliatory eviction provides that:

> [A] landlord has taken retaliatory action against a tenant with respect to residential property whenever he undertakes to terminate a tenancy that is terminable by appropriate notice, or refuses to renew a tenancy for a specified term when that term ends, if:
>
> (1) there is a protective housing statute embodying a public purpose to insure proper conditions of housing, especially multi-unit housing designed for rental to tenants of low or moderate income; and
> (2) the landlord is in the business of renting residential property; and
> (3) the tenant is not materially in default in the performance of his obligations under the lease at the time the landlord acts; and
> (4) the landlord is primarily motivated in so acting because the tenant … has complained about a violation by the landlord of a protective housing statute; and
> (5) the tenant's complaint was made in good faith and with reasonable cause.

Restatement (Second) of Property: Land. & Ten. § 14.8 (1977).

On appeal, James asserts that the trial court erroneously prevented him from presenting a defense of retaliatory eviction. The trial transcript, however, clearly shows that James was permitted to present such a defense. (Tr. 20-22, 32-36.) The fact

that James's argument was rejected by the trial court does not mean that the court failed to consider it at all.

James also challenges the trial court's holding that his retaliatory eviction defense was precluded because he did not complain to a civil authority, but merely to the landlord's agent. Pursuant to the Restatement, one of the elements required for retaliatory eviction is that "the landlord is *primarily motivated* in so acting because the tenant . . . has complained about a violation by the landlord of a protective housing statute." Restatement (Second) of Property: Land. & Ten. § 14.8 (emphasis added). The tenant bears the burden of proving that the landlord was primarily motivated by retaliation in seeking eviction. *Id.*, comment f.

We may affirm the rulings of the trial court for any proper reason that appears on the record, even where not relied on by the trial court. *United States v. Perez*, 280 F.3d 318, 337 (3d Cir. 2002). The landlord's primary motivation for evicting a tenant is a question of fact. Restatement § 14.8, comment f. Where the landlord is motivated equally by several reasons, only one of which is the tenant's complaint about a violation of a protective housing statute, it is insufficient to establish retaliatory action. *Id.*

We believe the record contains sufficient evidence to support a finding that James failed to establish that the primary

motivation for eviction was his water quality complaint. The evidence introduced at trial did not indicate that Victoria House was primarily motivated to terminate the tenancy because James complained about the water quality. Rather, the evidence supports a conclusion that the termination of the tenancy was motivated, at least in equal part, by James's complaints, which the landlord regarded as petty and annoying, including a written demand that Victoria House replace a pull chain on a lamp. Gardine-Glenn also indicated that she did not appreciate the rude manner in which James communicated complaints. For example, James telephoned her around 11:00 p.m., then drove to her home, parked in front of her home, and honked his horn until her husband came out. These legitimate, non-retaliatory motivations offered by Victoria House at trial were unrebutted by James.

Furthermore, where, as here, the landlord has already resolved the condition complained of by the tenant prior to seeking eviction, we believe that the landlord is less likely to have acted with retaliatory intent. *Cf. Markese v. Cooper*, 70 Misc.2d 478, 489, 333 N.Y.S.2d 63, 75 (Monroe County Ct. 1972) (tenant must be allowed to remain on premises of landlord who sought retaliatory eviction at least until conditions complained of by tenant are remedied). James testified that the condition of the water was resolved not only before Victoria House's forcible entry and

*Wayne James v. Victoria House*
D.C. Civ. App. No. 2005-090
Memorandum Opinion
Page 9

detainer action was instituted, but also before he received notice to quit the premises.

On the record before us, the trial court's factual determination that there was no retaliatory eviction was not clearly erroneous. Therefore, even assuming *arguendo* that the trial court erred in requiring that a tenant report complaints about housing conditions to a civil authority — an issue that we decline to reach at the present time — the trial court's finding that there was no retaliatory eviction shall be affirmed.

James's other arguments for reversal may be disposed of with a very brief discussion. For example, the parties appear not to dispute that James was current on his rent and not "materially in default" under his tenancy, or that V.I. Code Ann. tit. 29, § 333 (1998)[1] constitutes a protective housing statute embodying a public purpose to ensure proper housing conditions in the Virgin Islands. We need not reach the merits of James's argument that Victoria House was in the business of renting residential property, since we

---

[1] This section of the Housing Code in Title 29 of the Virgin Islands is entitled "Standards of occupancy and maintenance of dwellings." It provides in pertinent part:

> (b) *Minimum standards for health and sanitation*
>
> Each dwelling unit shall contain a plumbing system as required by the Building Code. The owner shall be responsible for the care and maintenance of this system . . .

V.I. Code Ann. tit. 29, § 333(b)(1).

*Wayne James v. Victoria House*
D.C. Civ. App. No. 2005-090
Memorandum Opinion
Page 10

have determined that the eviction was not made with retaliatory intent.

## IV. CONCLUSION

For the aforementioned reasons, we affirm on other grounds, the trial court's Judgment of Restitution. An order consistent with this opinion shall follow.